**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

|  |  |  |
|---|---|---|
| CHARLES B. BRINKMAN and LOUISE K. BRINKMAN, | : | |
| | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civ No: 4:14-cv-142-AWA-LRL |
| | : | |
| JOHN CRANE, INC. *et al*, including GENERAL DYNAMICS CORPORATION | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANT GENERAL DYNAMICS CORPORATION'S**
**ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

Defendant GENERAL DYNAMICS CORPORATION ("General Dynamics" or "Answering Defendant"), by and through its attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, and pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, hereby responds to plaintiffs' (hereinafter "plaintiff") Complaint dated September 18, 2014 as follows:

**ANSWER**

Responding to the individually numbered paragraphs of plaintiff's Amended Complaint, General Dynamics states:

1.      Paragraph 1 contains a statement and a legal conclusion which requires no response.  To the extent that a response is required, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the statements.  Accordingly, any allegations in Paragraph 1 are deemed denied.

2.      Paragraph 2 contains statements which require no response.  To the extent that a response is required, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the statements.  Accordingly, any allegations in Paragraph 2 are deemed denied.

3.      Paragraph 3 contains statements which require no response.  To the extent that a response is required, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the statements.  Accordingly, any allegations in Paragraph 3 are deemed denied.

4.      Paragraph 4 contains statements which require no response.  To the extent that a response is required, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the statements.  Accordingly, any allegations in Paragraph 4 are deemed denied.

5.      Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the statement that the Groton, Connecticut shipyard is "known as General Dynamics Electric Boat, a Division of General Dynamics Corporation, formerly known as Electric Boat Company." Answering Defendant states that Groton, CT shipyard operated as the Electric Boat division of General Dynamics during the relevant period herein. In 1995, Electric Boat Corporation was incorporated and acquired all assets and assumed all liabilities of the Electric Boat division. Answering Defendant denies that "'Shipyard Defendant' shall refer to a shipyard…." As a shipyard is a physical location, and not a defendant. Moreover, upon information and belief, both Electric Boat Corporation and General Dynamics Corporation were sued in this action for purported shipyard liabilities.  "Shipyard Defendant" is improperly used in the singular as General Dynamics Corporation and Electric Boat Corporation are two separate

and distinct entities, and separately named defendants.  Answering Defendant denies any remaining allegations in Paragraph 5.

6.     Answering Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations.  Accordingly, the allegations in Paragraph 6 are deemed denied.

7.     Answering Defendant denies any allegations that pertain to Answering Defendant. Answering Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations, including all allegations in the subparagraphs.  Accordingly, any remaining allegations in Paragraph 7 are deemed denied.

8.     Answering Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations. Accordingly, the allegations in Paragraph 8 are deemed denied.

9.     Paragraph 9 contains statements and conclusions of law which require no response.  To the extent that a response is required, Answering Defendant denies any allegations that pertain to Answering Defendant.  Answering Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations. Accordingly, any remaining allegations in Paragraph 9 are deemed denied.

10.    Answering Defendant admits that the former Electric Boat division of General Dynamics was engaged at certain times in the assembly, repair and/or overhaul of Naval submarines under government contract in accordance with military specifications under the direction of the U.S. Navy, and that it was involved with the assembly of the *USS Will Rogers* under contract with the U.S. Navy along with certain prime contractors retained directly by the U.S. Navy.  Answering Defendant denies knowledge or information sufficient to form a belief

as to the remainder of the allegations asserted by plaintiff in Paragraph 10. Accordingly, any remaining allegations in Paragraph 10 are deemed denied.

11. Answering Defendant denies any allegations that pertain to Answering Defendant. Answering Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations. Accordingly, any remaining allegations in Paragraph 11 are deemed denied.

12. Answering Defendant denies any allegations that pertain to Answering Defendant. Answering Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations. Accordingly, any remaining allegations in Paragraph 12 are deemed denied.

13. The allegations set forth in Paragraph 13 contain legal conclusions which require no response. To the extent that a response is required, Answering Defendant denies any allegations that pertain to Answering Defendant. Answering Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations. Accordingly, any remaining allegations in Paragraph 13 are deemed denied.

14. Answering Defendant admits that it is a Delaware corporation whose former Electric Boat division was engaged in the construction, repair, maintenance and/or overhaul of vessels in Groton, Connecticut. Answering defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14, including subparts (a)-(s), and (u). Accordingly, any remaining allegations are deemed denied.

15. Answering Defendant denies any allegations that pertain to Answering Defendant. Answering Defendant is without knowledge and information sufficient to form a belief as to the

515389v.1

truth of the remaining allegations.  Accordingly, any remaining allegations in Paragraph 15 are deemed denied.

## COUNT I: NEGLIGENCE OF THE MANUFACTURING DEFENDANTS

16.     Answering Defendant incorporates, repeats and reiterates each and every response as previously set forth in paragraphs number "1" through "15," inclusive, with the same force and effect as if fully set forth at length.

17.     With respect to 17(a) – (h), inclusive, Answering Defendant denies any allegations that pertain to Answering Defendant.  Answering Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations. Accordingly, any remaining allegations in Paragraph 17 are deemed denied.

18.     Answering Defendant denies any allegations that pertain to Answering Defendant. Answering Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations.  Accordingly, any remaining allegations in Paragraph 18 are deemed denied.

19.     Answering Defendant denies any allegations that pertain to Answering Defendant. Answering Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations.  Accordingly, any remaining allegations in Paragraph 19 are deemed denied.

## COUNT II: NEGLIGENCE OF THE SHIPYARD DEFENDANT

20.     Answering Defendant incorporates, repeats and reiterates each and every response as previously set forth in paragraphs number "1" through "19," inclusive, with the same force and effect as if fully set forth at length.

21.     Paragraph 21 contains legal conclusions that require no response.  To the extent that a response is required, Answering Defendant denies any allegations that pertain to Answering Defendant in Paragraph 21(a) – (o) inclusive.  Answering Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations. Accordingly, any remaining allegations in Paragraph 21 are deemed denied.

22.     Paragraph 22 contains legal conclusions that require no response.  To the extent that a response is required, Answering Defendant denies any allegations that pertain to Answering Defendant.  Answering Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations.  Accordingly, any remaining allegations in Paragraph 22 are deemed denied.

## COUNT III: BREACH OF IMPLIED WARRANTY

23.     Answering Defendant incorporates, repeats and reiterates each and every response as previously set forth in paragraphs number "1" through "22," inclusive, with the same force and effect as if fully set forth at length.

24.     Answering Defendant denies any allegations that pertain to Answering Defendant. Answering Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations.  Accordingly, any remaining allegations in Paragraph 24 are deemed denied..

25.     Answering Defendant denies any allegations that pertain to Answering Defendant. Answering Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations.  Accordingly, any remaining allegations in Paragraph 25 are deemed denied.

515389v.1

26.     Answering Defendant denies any allegations that pertain to Answering Defendant. Answering Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations.  Accordingly, any remaining allegations in Paragraph 21 are deemed denied.

27.     Answering Defendant denies any allegations that pertain to Answering Defendant. Answering Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations. Accordingly, any remaining allegations in Paragraph 27 are deemed denied.

28.     Answering Defendant denies any allegations that pertain to Answering Defendant. Answering Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations.  Accordingly, any remaining allegations in Paragraph 28 are deemed denied.

29.     Answering Defendant denies any allegations that pertain to Answering Defendant. Answering Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations.  Accordingly, any remaining allegations in Paragraph 29 are deemed denied.

## COUNT IV: STRICT LIABILITY

30.     Answering Defendant incorporates, repeats and reiterates each and every response as previously set forth in paragraphs number "1" through "29," inclusive with the same force and effect as if fully set forth at length.

31.     With respect to 31(a) – (e), inclusive, Answering Defendant denies any allegations that pertain to Answering Defendant.  Answering Defendant is without knowledge

and information sufficient to form a belief as to the truth of the remaining allegations. Accordingly, any remaining allegations in Paragraph 31 are deemed denied.

32. Answering Defendant denies any allegations that pertain to Answering Defendant. Answering Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations. Accordingly, any remaining allegations in Paragraph 32 are deemed denied.

33. Answering Defendant denies any allegations that pertain to Answering Defendant. Answering Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations. Accordingly, any remaining allegations in Paragraph 33 are deemed denied.

## COUNT V: SPOUSAL PRE-DEATH LOSS OF SOCIETY AND CONSORTIUM

34. Answering Defendant incorporates, repeats, and reiterates each and every response as previously set forth in paragraphs number "1" through "33," inclusive, with the same force and effect as if fully set forth at length.

35. Answering Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations. Accordingly, the allegations in Paragraph 36 are deemed denied.

36. Answering Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations. Accordingly, the allegations in Paragraph 37 are deemed denied.

37. Answering Defendant denies any allegations that pertain to Answering Defendant. Answering Defendant is without knowledge and information sufficient to form a belief as to the

truth of the remaining allegations.  Accordingly, any remaining allegations in Paragraph 38 are deemed denied.

## COUNT VI: CONSPIRACY

38.     Answering Defendant incorporates, repeats and reiterates each and every response as previously set forth in paragraphs number "1" through "37," inclusive, with the same force and effect as if fully set forth at length.

39.     Answering Defendant denies any allegations that pertain to Answering Defendant. Answering Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations.  Accordingly, any remaining allegations in Paragraph 39 are deemed denied.

40.     With respect to 40(a) – (e), inclusive, Answering Defendant denies any allegations that pertain to Answering Defendant.  Answering Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations. Accordingly, any remaining allegations in Paragraph 40 are deemed denied.

41.     Answering Defendant denies any allegations that pertain to Answering Defendant. Answering Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations.  Accordingly, any remaining allegations in Paragraph 41 are deemed denied..

42.     Answering Defendant denies any allegations that pertain to Answering Defendant. Answering Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations.  Accordingly, any remaining allegations in Paragraph 42 are deemed denied.

43.     With respect to 43(a) – (m), inclusive, Answering Defendant denies any allegations that pertain to Answering Defendant.  Answering Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations.  Accordingly, any remaining allegations in Paragraph 43 are deemed denied.

44.     Answering Defendant denies the allegations in paragraph 44(a) – (dd), inclusive, which pertain to Answering Defendant.  Answering Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations.  Accordingly, any remaining allegations in Paragraph 44 are deemed denied.

45.     Answering Defendant denies any allegations that pertain to Answering Defendant. Answering Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations.  Accordingly, any remaining allegations in Paragraph 45 are deemed denied.

46.     With respect to 46(a) – (f), including any and all subsections or subparts thereto, inclusive, Answering Defendant denies any allegations that pertain to Answering Defendant. Answering Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations.  Accordingly, any remaining allegations in Paragraph 46 are deemed denied.

## COUNT VI - CONCLUSION[1]

47.     Answering Defendant incorporates, repeats and reiterates each and every response as previously set forth in paragraphs number "1" through "46," inclusive, with the same force and effect as if fully set forth at length.

48.     With respect to 48(a) – (e), inclusive, Answering Defendant denies any allegations that pertain to Answering Defendant.  Answering Defendant is without knowledge

---

[1] The duplicative "Count VI" copies plaintiff's labeling.

and information sufficient to form a belief as to the truth of the remaining allegations. Accordingly, any remaining allegations in Paragraph 48 are deemed denied.

49.     With respect to 49, including 49(a), Answering Defendant denies any allegations that pertain to Answering Defendant.   Answering Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations.  Accordingly, any remaining allegations in Paragraph 49 are deemed denied.

50.     Answering Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations. Accordingly, the allegations in Paragraph 50 are deemed denied.

## **DEFENSES**

Answering Defendant may rely on the following defenses and affirmative defenses:

1.     Depending on the circumstances of Plaintiff's exposure and diagnosis, Plaintiff's claims may be time-barred by the applicable statutes of limitations and/or statutes of repose.

2.     The complaint and each and every allegation separately fails to state any cause of action against the Answering Defendant upon which relief can be granted.

3.     The causes of action pleaded in the complaint are barred by the doctrine of laches.

4.     Plaintiffs is estopped from asserting the causes of action alleged in the complaint.

5.     Plaintiff has waived the causes of action and recovery alleged in the complaint.

6.     Plaintiff has failed to name and join essential and necessary parties.

7.     Answering Defendant owed no duty to plaintiff.

8.     While Answering Defendant denies that it owed a duty to plaintiff, should it be determined that such a duty existed, Answering Defendant did not violate said duty and it acted reasonably and with due care toward plaintiff.

9.     Answering Defendant at no time breached any legal duty owed to plaintiff.

10.    Answering defendant did not violate any duty or rule imposed with respect to principles of strict liability in tort.

11.    If the plaintiff should prove that he sustained injuries and damages as alleged, such injuries and damages resulted from acts or omissions on the part of the third-parties over whom this Answering Defendant had no control or right of control.  Further, to the extent that any alleged injuries suffered by the plaintiff were the result of culpable conduct or fault of third persons for those whose conduct this Answering Defendant is not legally responsible, the damages recovered by the plaintiff, if any, should be diminished or reduced in the proportion to which said culpable conduct bears upon the culpable conduct which cause the damages.

12.    Plaintiff's claims may be barred or may be reduced *pro rata* due to plaintiff's comparative negligence.  In that case, the plaintiff's damages must be reduced by the percentage of plaintiff's negligence.

13.    While the Answering Defendant denies the plaintiff's allegations of negligence, statutory liability, conspiracy, fraud, and/or strict liability, any injury and damages, to the extent that plaintiff may be able to prove them, were the results of intervening and/or interceding acts of superseding negligence on the part of parties over whom this answering neither controlled nor had the right to control.

14.    The failure of any manufacturer, supplier, contractor, or employer other than Answering Defendant to warn Plaintiff from any possible health hazards associated with asbestos was an intervening and/or superseding cause of the Plaintiff's alleged injuries.

15.    The alleged incident was caused by conditions over which Answering Defendant had no control.

515389v.1

16.     The Answering Defendant did not control the method or manner of work or assume or control the responsibility for the safety of Plaintiff.

17.     Plaintiff, his coworkers, and/or his employers misused, abused, mistreated and/or misapplied the asbestos-containing products alleged in the complaint, which misuse, abuse, mistreatment and/or misapplication caused or contributed to the injuries of which he complaints..

18.     Plaintiff's claims may be barred and/or limited by the doctrines of contributory negligence and/or assumption of the risk.

19.     Plaintiff contributed or may have contributed to his illness by the use, either in whole or in part, of other substances, products, medications, and drugs.

20.     The incident and injuries complained of were caused by unauthorized, unintended, or improper use of the products in question and as a result of plaintiff's failure to exercise reasonable and ordinary care, caution, or vigilance.

21.     Upon information and belief, plaintiff failed to mitigate or otherwise act to lessen or reduce the injuries and disabilities alleged in the complaint.

22.     Plaintiff is estopped from enforcing more stringent regulations and/or requirements than were in effect at the time of the alleged offense.

23.     At all relevant times hereto, Answering Defendant complied with all applicable laws, regulations, and standards.

24.     At all times during the conduct of its corporate operations, the agents, servants, and/or employees of this Answering Defendant acted in conformity with the available knowledge, state of the art, and research of the scientific and industrial communities.

25.     At all times during the conduct of its corporate operations, the agents, servants, and/or employees of this Answering Defendant used proper methods, materials, and supplies

with respect to its working environment, materials, and supplies and in conformity with the available knowledge, state of the art, and research of the scientific and industrial communities.

26.     The injuries allegedly suffered by the plaintiff, if any (which injuries are specifically denied by the Answering Defendant), were the result of culpable conduct or fault of third persons for whose conduct this Answering Defendant is not legally responsible.

27.     In the event that exposure of Plaintiff to any product alleged to by used by Answering Defendant is found to have occurred, such exposure was *de minimis* and is not sufficient to establish a reasonable degree of probability that a product alleged to be used by Answering Defendant caused the injury to Plaintiff.

28.     To the extent that plaintiff seeks punitive damages against this Answering Defendant, these damages are improper, unwarranted, not authorized by law, and are unconstitutional in the context of this litigation.  Subjecting the defendant to multiple trials and multiple impositions of punitive damages for the same course of conduct is violation of both substantive and procedural due process under State law and the United States Constitution. Punitive damages are a violation of due process.  The standard for the award of punitive damages is constitutionally void for vagueness.  Lack of limitation on possible multiple imposition of punitive damage awards for the same alleged course of conduct is unconstitutional.

29.     Plaintiff's Complaint fails to state a sufficient factual basis or cause of action upon which an award of punitive damages could be based.

30.     Plaintiff's claim for punitive damages is barred by the Virginia and United States Constitutions.

31.     Plaintiff's claim for punitive damages is limited as set forth in Va. Code. § 8.01-38.1.

32.     To the extent that the causes of action pleaded by plaintiff fails to accord with the Uniform Commercial Code, including but not limited to Section 2-725 thereof, the plaintiff's complaint is time-barred.

33.     As to all causes of action pleaded in the complaint which are based upon express or implied warranties and/or representations, the alleged breaches thereof as against this Answering Defendant are legally insufficient by reason of their failure to allege privities of contract between the plaintiff and this Answering Defendant.

34.     In the event that any breach of warranty is proven, plaintiff failed to give proper and prompt notice of any such breach of warranty to this Answering Defendant.

35.     There being no privity of contract between Answering Defendant and plaintiff, there can be no cause of action against Answering Defendant for alleged breaches of warranties.

36.     Plaintiff did not directly or indirectly purchase any asbestos-containing products or materials from this Answering Defendant, and plaintiff neither received nor relied on any representation or warranty allegedly made by this Answering Defendant.

37.     Any oral warranties upon which plaintiff relied are inadmissible and unavailable because of the provisions of the applicable Statute of Frauds, or other applicable rules of evidence.

38.     To the extent that any injury alleged in plaintiff's complaint occurred in the context of any employer-employee relationship, plaintiff's sole and exclusive remedy is under the applicable Workers' Compensation Law.

39.     Plaintiff is barred from instituting suit against this Answering Defendant under the provisions of the Longshoremen's and Harbor Workers' Compensation Act.

515389v.1

40.     Assuming, but without conceding, that asbestos-containing products or materials were used by or around plaintiff at the former Electric Boat division shipyard in Groton, Connecticut, such products or materials were used in connection with the assembly, overhaul, maintenance and/or repair of U.S. Navy vessels, and any such asbestos-containing products were used, installed, designed, and/or manufactured pursuant to and in accordance with specifications mandated by a military body and in accordance with Answering Defendant's role as a government contractor. The allegations at issue involve acts performed at the direction of government officers acting pursuant to government authorization.  At all relevant times, Answering Defendant was operating under the United States Navy's direct supervision and control with respect to the assembly, overhaul, maintenance and/or repair of U.S. Navy vessels. Answering Defendant is not liable for plaintiff's alleged injuries, and this matter is barred by or subject to applicable government contractor defenses. The allegations at issue occurred as a federal officer and/or were undertaken at the behest of the U.S. Government and under the color of U.S. law.  Accordingly, the claims at issue are barred, preempted and/or Answering Defendant is immune from suit in accordance with U.S. law, including but not limited to derivative sovereign immunity.

41.     Assuming, but without conceding, that products or materials associated with Answering Defendant were used by or around plaintiff, any such asbestos-containing products were designed and manufactured pursuant to and in accordance with specifications mandated by the federal, state, and/or local governments and/or other agencies.  The knowledge of the federal, state, and/or local governments and/or agencies of any possible health hazards from use of such products was equal to or superior to that Answering Defendant.  Accordingly, Answering Defendant is not liable for plaintiff(s) alleged injuries.

42.     To the extent that plaintiff was allegedly injured in the course of service in the United States military, this Answering Defendant should not bear any responsibility or liability inasmuch as any action(s) by plaintiff during such service occurred under the supervision and control of the Unites States military.

43.     Any and all State law causes of action asserted by plaintiff are barred as they are preempted or otherwise displaced by federal statute and/or regulation and/or rule governing the field at issue.

44.     Plaintiff's claims against Answering Defendant are barred by successor liability principles.

45.     To the extent that plaintiff assert a cause of action against the Answering Defendant for conspiracy, plaintiff fails to allege that the Answering Defendant entered into any agreement to commit conspiracy.

46.     To the extent that plaintiff asserts a cause of action against the Answering Defendant for conspiracy, plaintiff fails to allege any specific allegations regarding the Answering Defendant that connect the Answering Defendant to any alleged conspiracy.

47.     To the extent that plaintiff asserts a cause of action against the Answering Defendant for conspiracy, plaintiff fails to state a claim for which relief may be granted.

48.     To the extent that plaintiff asserts a cause of action against the Answering Defendant for fraud, including fraudulent schemes, misrepresentations, concealments, or nondisclosures, plaintiff fails to state with particularity any statements, facts, or circumstances that would constitute any fraudulent scheme, misrepresentation, concealment, or nondisclosure on the part of the Answering Defendant.

49.     To the extent that plaintiff asserts a cause of action against the Answering Defendant for fraud, including fraudulent schemes, misrepresentations, concealments, or nondisclosures, plaintiff fails to state a claim for which relief may be granted.

50.     Plaintiff's claims are barred by the statute of repose set forth in Va. Code § 8.01-250.

51.     Plaintiff's claims are barred by the knowledgeable user and/or sophisticated user defense.

52.     Plaintiff's claims are barred by learned intermediary doctrine.

53.     To the extent that plaintiff was allegedly injured in the course of service in the United States military, this Answering Defendant should not bear any responsibility or liability. Answering Defendant lacked authority to direct or control the work of any uniformed United States Navy service members.

54.     Plaintiff's claims are barred by the "combatant activities exception" of the Federal Tort Claims Act.  28 U.S.C. § 2680(a).

55.     The Answering Defendant incorporates by reference, as if more fully set forth at length herein, all defenses, both affirmative and otherwise, raised, pleaded or asserted by all other answering defendants and third party defendants.

56.     Answering Defendant hereby reserves the right to, and may rely upon, all properly provable defenses that become available in and through the course of discovery, including but not limited to accord and satisfaction and prior release, and reserves the right to plead such defenses in mitigation or in bar to Plaintiff's claims.

57.     Answering Defendant denies all liability. However, in the event that it is found liable in any respect, it demands full indemnification, contribution, and/or set-off from all co-

defendants and any bankrupt entities from which plaintiff recovers whether in settlement, judgment, or otherwise.

58.     Answering Defendant denies the allegations of any cross-claims which have been asserted or may in the future be asserted against it and demands that any such cross-claims be dismissed.

**JURY TRIAL**

Answering Defendant demands trial by jury.


**WHEREFORE** General Dynamics demands judgment dismissing plaintiff's Complaint against it together with the costs and disbursements of this action, and in the event of any judgment over and against General Dynamics, General Dynamics demands judgment, contribution and/or indemnification, along with costs and disbursements, including reasonable attorney's fees, and any and such further relief as this Court deems just and proper.


**<u>CROSS-CLAIMS AGAINST DEFENDANTS</u>**

Answering Defendant denies all liability. However, in the event that it is found liable in any respect, it demands full indemnification, contribution, and/or set off from all co-defendants and any bankrupt entities from which plaintiff recovers.


Dated: October 24, 2014                    Respectfully Submitted,

**GENERAL DYNAMICS CORPORATION,**
**By Counsel,**


**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**

515389v.1

By: _/s/ Peter M. Moore_____
    Jason R. Waters, VSB No. 73887
    Peter Moore, VSB No. 82444
    8444 Westpark Drive, Suite 510
    McLean, VA 22102
    Tel. 703.245.9300
    Fax. 703.245.9301
    jason.waters@wilsonelser.com
    peter.moore@wilsonelser.com
    *Attorneys for Defendant*
    *General Dynamics Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that this 24th day of October 2014, I served a true and accurate copy of the forgoing via CM/ECF on all counsel of record.

*/s/ Peter M. Moore*
Jason R. Waters, VSB No. 73887
Peter Moore, VSB No. 82444
8444 Westpark Drive, Suite 510
McLean, VA 22102
Tel. 703.245.9300
Fax. 703.245.9301
jason.waters@wilsonelser.com
peter.moore@wilsonelser.com
*Attorneys for Defendant*
*General Dynamics Corporation*

515389v.1